MARY JANE THOMPSON, Respondent, *v.* THE AMERICAN TONTINE LIFE AND SAVINGS INSURANCE COMPANY, Appellant.

An acceptance by a wife from her husband of a policy of insurance upon his life, procured by him for her benefit, without previous authority from her, is a sufficient adoption of his act, and constitutes a valid contract between her and the company issuing the policy.

C. F. T., general agent of defendant, appointed D. W. T. and his partner sub-agents, and on the same day received the application of D. W. T. for a policy, which was forwarded to defendant. At the same time, C. F. T. asked the sub-agents for a loan or advance, stating he needed it on his journey, and that they should charge it to the company on premiums to be collected thereafter. D. W. T. thereupon made the required advance. Afterward, the policy was received by D. W. T. by mail. — *Held*, that the transaction was not a loan to C. F. T., upon his individual credit, but an advance by the sub-agent to the general agent on account of premiums expected to be collected, including the premium on the policy in question, and was, in effect, a payment in advance of that premium, subject to the condition of the acceptance of the risk.

(Argued December 4, 1871; decided December 12, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment entered in favor of plaintiff upon the report of a referee.

The action was brought to recover the amount of a policy of insurance alleged to have been issued by defendant to plaintiff upon the life of her husband, Daniel W. Thompson. The facts sufficiently appear in the opinion.

*John N. Whiting*, for appellant. The policy was void under the statute against betting and gaming. (2 R. S., 924; 3 Kent's Com., 8th ed., 448, chap. 656.) Laws of 1866 must be strictly complied with. There was no contract by defendant with anybody, no delivery; and the ordinary rules, as to third parties acting in good faith, do not exist here. (*Baker v. U. Mut. Life Ins. Co. of Maine*, 43 N. Y., 283.)

RAPALLO, J. The plaintiff was authorized, by statute, to cause the life of her husband to be insured for her use. But we held, in the case of *Baker v. The Union Mutual Life Ins. Co.* (43 N. Y., 283), that, independently of the statute, the wife had an insurable interest in the life of her husband, and that an insurance procured by him for her benefit was good at common-law. The insurance in the present case was procured by the husband without previous authority from his wife, and by the terms of the policy she was the assured. But her subsequent acceptance of the policy from him was a sufficient adoption of his act to constitute a valid contract between her and the company, unless the objections that the premium was not paid, and that the policy was never duly delivered can be sustained.

The court below found adversely to the defendant on both of these issues, and if there is any evidence to sustain these findings they are conclusive.

No question is made but that the policy, duly executed, was sent by the defendant, by mail, to D. W. Thompson, and by him received and delivered to his wife, who retained it until after his death. It is contended, however, that he having

been at the time an agent of the defendant, must be deemed to have received it in that capacity, and that he had no authority to deliver it to his wife, the assured, without payment of the premium, and·that the evidence establishes that the premium was not paid. The question of delivery, therefore, depends upon the question of payment.

The policy contains a receipt for the premium, but this receipt is open to explanation. (*Baker* v. *Union Mutual Ins. Co., supra.*) The facts proved at the trial in respect to the payment of the premium were, that C. F. Thompson, general agent of the defendant, appointed D. W. Thompson and his copartner, Dix, as sub-agents, on the 14th of October, 1868, and on the same day received Thompson's application for the policy in question, which was, thereupon, forwarded to the defendant. At the same time C. F. Thompson asked Thompson & Dix for a loan or advance of some money, stating that he needed it on his journey, and that it should be charged to the company on premiums, to be collected by Thompson &· Dix thereafter. He also stated that he (C. F. Thompson) was in the habit of collecting money in that way. D. W. Thompson, thereupon, made the required advance. The amount of the advance does not appear. Ten days afterward the policy was received by D. W. Thompson, by mail.

No evidence was given, on the part of the defendant, for the purpose of showing that the transaction in question did not come to its knowledge before the sending of the policy, except the statement of the secretary, that he first heard of payments of premium by a report of Dix, dated January 9th, 1869. Nor was there any evidence that the acts of C. F. Thompson were out of the usual course of dealing, or beyond the scope of his actual authority as general agent. But the defendant relies upon the legal proposition, that the advance made by D. W. Thompson was, upon its face, a loan to C. F. Thompson individually, and that his instruction to charge it to the company, or to apply future premiums to its satisfaction, was manifestly beyond the scope of his powers as agent.

·We think, however, that the dealing will bear the interpre-

tation, that it was not a loan to *C. F. Thompson* on his individual credit, but an advance by the sub-agent to the general agent as such, on account of the premiums which the former expected to collect for the defendant, including the premium which would become payable on his wife's policy, in case the company should accept the application cotemporaneously made for that policy. It is not necessary to examine the effect of the advance beyond that which it would have in respect to this particular premium. The authority of the general agent to receive premiums is not disputed, and it could hardly be said, especially in the absence of any evidence on the part of the defendant in respect to the precise limits of his authority, that they would be exceeded by his receiving the premium in advance at the time of the application for insurance, subject to the condition of the acceptance of the risk by the company. It seems to us, that in passing upon the question of fact the court below was authorized to infer from the evidence, that such was the intention and understanding of the parties, in respect to so much of the advance as was covered by the premium on the plaintiff's policy, and that thus viewed the evidence was sufficient to sustain the finding.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.