EMMA L. ESTES, RESPONDENT, *v.* WORLD MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

*Insurance policy — delivery of, made contingent upon certificate of good health of assured — evidence.*

A policy of insurance was made out to the plaintiff upon the life of her husband, and held by the defendant's agent for some time, uncalled for. He was then instructed not to deliver it, till he was furnished with a certificate of the good health of the assured. Such a certificate was furnished to him, the policy was then issued, and soon thereafter the assured died. On the trial the certificate was offered in evidence, and rejected on the ground that plaintiff was not bound by the act or declaration of the assured. *Held,* that the evidence in the case being sufficient to require the court to submit to the jury the question, whether the assured was or was not acting as the agent of his wife, its rejection was error.

APPEAL from a judgment for plaintiff, entered on the verdict of a jury. A motion for a new trial upon the minutes was made and denied, but no appeal was taken from such order. Exceptions to the rulings and decisions of the court are therefore alone considered by the court. The action was brought to recover upon a policy of insurance issued on the life of the plaintiff's husband.

*W. P. Prentice,* for the appellant. "If the husband, as the agent of the wife, procured the policy by fraud, she cannot retain the benefit of it, and be relieved from the consequences of the fraudulent means by which it was obtained." (*National Life Ins. Co. v. Minch,* Opin. by CHURCH, Ch. J., 53 N. Y., 149; *Durst v. Burton,* 47 id., 167, 174; *Baker v. Union Mutual Life Ins. Co.,* 43 id., 283; *Graves v. Spier,* 58 Barb., 349.) That the exclusion of the certificate was error, is clearly shown by the following cases. (*Baker v. Union M. L. I. Co., supra; Griswold v. Haven,* 25 N. Y., 595; *Bank of U. S. v. Davis,* 2 Hill, 452; *Jeffrey v. Bigelow,* 13 Wend., 518; *Durst v. Burton,* 47 N. Y., 174; *Smith v. Tracy,* 36 id., 79; *Elwell v. Chamberlin,* 31 id., 611; *Bennett v. Judson,* 21 N. Y., 239.) "A married woman is liable for the fraud of her husband, acting for her, as her agent, in the purchase of real estate, although she was wholly ignorant of the fraud practiced and did not authorize it, where she had the fruits of the

bargain; kept the property bargained for, and sold it, and she retains the advantage." (*Graves* v. *Spier*, 58 Barb., 349.) " It is the duty of the assured to communicate to the company, any material change in health, in the interval between the making the application and the completion of the contract by the payment of premium." (*Whitley, Admr.,* v. *Piedmont and Arlington Life Ins. Co.,* 4 Bige. Ins. R., 361; *British Eq. Ins. Co.* v. *Great West Railw. Co.,* 3 id., 264.) The taking the policy in June, on the application signed in the previous April, without disclosing the fact that Estes had consulted Dr. Bernard Berens, was a fraud, and avoids the contract. (*British Equitable Ins. Co.* v. *Great West. R. Co.,* 3 Big., 264; *Sillem* v. *Thornton,* 3 Ell. & Bl., 868; Dig. Fire Ins. Decis., 221 [10].) " A warranty is in the nature of a condition precedent, and must be fulfilled before performance ,can be required of the insurer." (13 Wend., 92, note *a.*) " It forms a condition precedent, and must be strictly complied with." (6 Cow., 676, note 2.) " Fully and completely." " Substantially is not enough. (48 N. Y., 627,) The provision was an express warranty in the contract of insurance; and it having been broken, the policy was held void. (*Eagan* v. *Mut. Ins. Co. of A.,* 5 Denio, 326; *Jeffries, Admr.,* v. *Economical M. Life Ins. Co.,* 11 Alb. L. J., 300.) The motion for nonsuit should have been granted. Its refusal was error. (*Foot* v. *Sabin,* 19 Johns., 154; *Bryden* v. *Bryden,* 11 id., 189; *Pratt* v. *Hull,* 13 id., 335; *Rudd* v. *Davis,* 3 Hill, 287; *Lomer* v. *Meeker,* 25 N. Y., 361; *Kelly* v. *National Bank of Erie,* 52 Barb., 333; *Johnson* v. *Hudson R. R. R.,* 20 N. Y., 73; *Gonzales* v. *N. Y. and H. R. R.,* 38 id., 440; *Wild, Admr.,* v. *H. R. R. R.,* 24 id., 430.)

*Esek Cowen,* for the respondent. The certificate of Charles M. Estes was properly excluded by the court. It would not, if false, have avoided the policy, because the validity of the policy is not made dependent upon the truth or falsity of the certificate. The application, the form of which is furnished by the company, provides that it " shall be the basis of the contract " between the company and the assured. As a general rule, statements of the person whose life is insured, are not evidence against the party for whose benefit the policy is issued. (*Edington* v. *Mut. Life Ins. Co.,* 12

S. C. [Hun], 1 ; *Swift* v. *Mass. Mut. Life Ins. Co.*, 2 N. Y. S. C., 303 ; *Rawls* v. *American Mut. Life Ins. Co.*, 27 N. Y., 283.)

BOARDMAN, J. :

About the 1st of April, 1873, upon an application duly made, a policy of insurance was made out by defendant to the plaintiff, upon the life of her husband. The plaintiff and her husband united in the application, and, I think, it appears that the husband acted for and with the knowledge of the wife in procuring the execution of the policy by the defendant. By reason of the husband's absence at the south, the policy, though in the agent's hands ready for delivery, was not called for. The agent made known this fact to the defendant, by whom he was instructed not to deliver the policy, until he was furnished with a certificate of the good health of the assured. During the month of June Mr. Estes wrote to inquire why the policy was not delivered. In answer the reason was given ; and, soon thereafter, Mr. Estes, the assured, sent a certificate that he was in good health. Upon receiving such certificate, and the premium, the policy was forwarded to Mr. Estes, who died of consumption on the 10th of January, 1874.

This certificate was offered in evidence and rejected, upon the ground that it was the act and declaration of the husband, and was not binding upon, or evidence against the plaintiff, with whom the contract was made.

Evidence was afterward offered tending to show that the assured, at the time he signed such certificate, was suffering from ulceration of the lungs, and was in a very critical condition of health. It is claimed, by the defendant, that the policy was issued upon the faith of such certificate ; that the certificate was false in fact ; that the evidence shows the assured must have known it was false ; that the defendant, relying upon such representation, and issuing the policy on the faith thereof, was defrauded ; and that the act and declaraation, in this respect, of the assured, was evidence against the plaintiff.

If the contract of insurance had been made with Mr. Estes himself, the evidence would have been competent. If Mr. Estes was acting as the agent of his wife the plaintiff, in procuring this policy to be issued, it would likewise have been competent. Whether

he was his wife's express agent for this purpose, would have been a question of fact, if the evidence had been admitted. I think there was sufficient evidence, to have justified the submission of that question to the jury. Of course, such submission could not be made in the absence of this evidence, nor, under the ruling of the court, would evidence tending to show such agency be of any consequence.

The husband, in fact, procured this policy for the plaintiff upon this certificate. He could not otherwise have procured it. By taking the policy and suing upon it she ratifies his acts, and makes them her own. In *Baker* v. *Union Mutual Life Insurance Company* (43 N. Y., 288, 289), CHURCH, Ch. J., says, of a similar case : " If the agent exceeds or transgresses his authority, the principal may repudiate his acts altogether ; but he cannot affirm in part and repudiate in part ; take the benefit of the favorable parts of a contract, and reject the residue." The plaintiff cannot claim to enforce the policy as valid, and ignore the instrumentalities whereby she obtained it. The same principle is expressed, with equal clearness, in *National Life Insurance Company* v. *Minch* (53 N. Y., 149 ; S. C., 5 N. Y. S. C., 549); *Graves* v. *Spier* (58 Barb., 386); *Elwell* v. *Chamberlain* (31 N. Y., 619).

But the very question has been lately decided by the Court of Appeals, adversely to the plaintiff, in *Swift* v. *Massachusetts Mut. Life Insurance Company* (12 Alb. Law. Jour., 363, reversing upon that point, S. C., 2 N. Y. S. C., 302). The court there holds that prior declarations, when made at a time not too long before the application and examination, and when a part of the *res gestæ* of some act or fact, exhibiting a condition of health which they legitimately tend to explain, are admissible against the policy holder to show knowledge in the insured of his physical condition. The relations between the policyholder and the person whose life is insured are such, that the former is bound by the answers of the latter, as to material facts, and is affected by his knowledge.

The cases cited by plaintiff's counsel (*Edington* v. *Mut. Life Insurance Company of New York*, 12 S. C. [5 Hun], 1; *Rawls* v. *Am. Mut. Life Insurance Company*, 27 N. Y., 282), are not in point. The policies in those cases were not issued upon the faith of the acts or declarations attempted to be proved; nor were

they alleged to be part of fraudulent conduct invalidating the policy. The declarations in this case were part of the *res gestæ*.

I conclude, then, the rejected evidence was admissible. If it was false, in fact, and the defendant was defrauded thereby, the policy was void, unless Mr. Estes was in no sense the agent of his wife.

Upon a new trial these questions should be submitted to the decision of a jury.

Many other exceptions were taken by the defendant, and are urged upon this appeal; except such as are controlled and practically decided by the question already discussed, I see no occasion to doubt the rulings and decisions of the learned judge at the Circuit.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

Present — LEARNED P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.