ROSALIE C. BARRY, Respondent, *v.* WILLIAM H. BRUNE, et al., Appellants.

Plaintiff, un..er duress, coercion, and undue influence on the part of her husband, assigned, in blank, two policies of insurance, issued by defendant, the M. L. Ins. Co., upon the life of her husband, which were subsequently filled up so as to assign the policies to defendant B., and delivered to the latter to secure a debt of the husband. Under an arrangement with an agent of the insurance company, the policies were,

without plaintiff's knowledge, nominally forfeited by failure to pay the premiums, and new policies were, upon payment of the unpaid premiums and surrender of the old policies, issued direct to B. for the same amounts, bearing the same numbers, referring to the same registers in the company's books, for the same premiums, and based upon the same applications as the original policies, without a new examination. A portion of the premiums was also paid by dividends on the old policies. In an action to determine the conflicting claims to the policies, and to compel payment of the amounts insured to plaintiff, *held*, that the assignments were invalid and conveyed no legal or equitable title to B., who, therefore, had no right to surrender, cancel, or impair the policies; that plaintiff had the right to expect that either B. or her husband would keep the policies in life by payment of the premiums; at least they owed her a duty to appraise her of what was being done with the policies; that the substance of the transaction was but a substitution of the new for the old policies, and that plaintiff was entitled to the money payable on the substituted policies.

After the commencement of this action W., the assignee of B., to whose rights defendant H. succeeded, commenced an action against the M. L. Ins. Co., in the United States Supreme Court for the district of Maryland, upon the new policies. The company set up the pendency of this action as a defense. Judgment was recovered by plaintiff in said action. By the judgment in this action it was determined that plaintiff was entitled to the moneys due upon the policies; that payment thereof by the M. L. Ins. Co. would operate *pro tanto* in satisfaction and discharge of said judgment recovered by W.; and B. and H. were enjoined from collecting or attempting to enforce said judgment, except as to the residue, if any, after payment of the amount found due herein on the policies. *Held*, no error; that it was proper to determine in this action the conflicting claims, and to protect the insurance company from double payment.

(Argued November 12, 1877; decided November 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 8 Hun, 395.)

This action was brought by plaintiff, the widow of John S. Barry, deceased, to determine her right to two policies of insurance issued by defendant, The Mutual Life Insurance Company, and recover the amount thereof.

The facts as found by the court are substantially as follows:

In July, 1871, the plaintiff was the owner of two policies

of insurance issued by the Mutual Life Insurance Company upon the life of her husband, John S. Barry, numbered, respectively, 56,527 and 116,525 — one for $20,000 and the other for $5,000 — upon which, at that time, there had been paid the annual premiums as they fell due. In the latter part of July, 1871, the plaintiff, without any consideration, and under duress, coercion and undue influence exercised over her by her husband, affixed her signature to an assignment in blank. The blanks were, by the direction of Barry, filled out by inserting the numbers and description of the policies, and inserting the name of defendant, William H. Brune, as assignee, and this, with the policies, was delivered to the assignee as security for a debt of Barry's to him. After the delivery to Brune of the assignment, but before the next annual premiums on the policies became payable, an agreement was made between Barry and Brune, and between Brune and the general agent of the company, without the knowledge of the plaintiff, that, in order to make this assignment effectual as a security to Brune, and in order that the transfer of the plaintiff's policies to Brune might become valid and complete, payment of the said premiums should be suspended, and the policies should be allowed to " lapse," and an application should be made to the insurance company by Brune, as assignee of the policies, to renew and continue the insurance under them on the life of Barry, in his own name, after having first surrendered to the company plaintiff's said policies, and paid the premiums due and payable thereon. The formal application of Brune for a change of the plaintiff's policies to his own name was made upon printed blanks, designated as " declarations to be made and signed in case of issuing new policy after lapse." In these applications, the plaintiff's policies, Nos. 56,527 and 116,525, were referred to by their respective numbers and amounts, and the original applications therefor. The general agent received the plaintiff's policies and Brune's applications; and, on the 16th of January, 1872, forwarded them to the insurance company at New York by mail, inclosed in a letter, in which the general

agent requested the insurance company to consider said poli-
cies as lapsed, and to issue new ones in the name of the defend-
ant, the said Brune.   The said letter also stated that there
had been some correspondence in the case, and that it was
agreed to treat the said policies in this way.   On the 18th
of January, 1872, the insurance company, without any new
medical examination, and without any other consideration
therefor than the surrender of the plaintiff's policies, issued
two new policies of insurance in the name of Brune upon
the life of Barry, of the same amounts and numbers as the
plaintiff's policies, and with annual premiums of the same
amount, semi-annually instead of annually, as in the original
policies.   Upon the surrender of the original policies, they
were canceled.   The insurance company also caused to be
erased the name of plaintiff from the register entries of the
original policies, and substituted in its place that of Brune;
and also inserted in said register entries the words " to favor
William H. Brune, lapsed January 18th, 1872," and indorsed
upon each of the new policies a reference to the said register
entries of the old policies.   These new policies were deliv-
ered by the insurance company to Brune, upon receiving from
him the premiums which had accrued and become payable
on the original policies.   These premiums were paid by
Brune, partly by a credit for the cash value of the dividends
accrued upon the original policy No. 56,527, amounting to
$169.48, and partly by cash paid, in the first instance by
Brune, and afterwards repaid to him by Barry.   On the
13th of February, 1872, the defendant Brune made a general
assignment to Horatio L. Whitredge, in trust for the benefit
of his creditors.   On the 11th of February, 1874, after the
commencement of this action, Whitredge died, and the
defendant Harris was duly appointed his successor in interest.
Barry died at New York, March 9th, 1872.   This action was
commenced on the 13th of April, 1872, and the defendants
Brune and his assignee having appeared therein, served their
answer on the 1st of July, 1872.   On the 9th of September,
1872, Whitredge, Brune's assignee, commenced suits at law

against the insurance company, in the United States Circuit Court for the district of Maryland, upon the new policies. The plaintiff was not made, and never became in any way a party to these suits. The insurance company appeared therein; agreed to a consolidation of the suits; pleaded the pendency of this action; waived a trial by jury, and agreed to a statement of facts upon which, on the 2d day of December, 1873, Whitredge recovered judgment against the said company for the amount of the new policies.

As conclusions of law, the court found that the plaintiff never parted with or became divested of her rights and interests in or under the two policies issued to her. That against her neither the defendant Brune, nor his assignee Whitridge, or the defendant Harris, as the successor in interest of such assignee, ever acquired any right, title or interest in or to, or lien upon the said policies, or either of them. That the surrender by Brune of the original policies and the subsequent issue of the two new policies, constituted a waiver on the part of the insurance company of any forfeiture of the original policies, and revived, renewed and continued the contracts of insurance, as evidenced by the new policies, nominally in favor of defendant Brune, but in reality for the use and benefit of the plaintiff, with the same effect to all intents and purposes as if no such forfeiture had been incurred. That the defendant Brune never acquired any beneficial interest in or lien upon the new policies of insurance, or the money payable thereon; and that the defendant Harris holds the new policies, and the said judgment in the Circuit Court of the United States, charged with a trust in favor of plaintiff. That plaintiff was equitably entitled to recover of the defendant, the Mutual Life Insurance Company of New York, the moneys due and payable upon said policies, and that payment thereof would be in full satisfaction and discharge of all claims and demands against the said insurance company by either or any of the parties to this action, upon the several policies of life insurance mentioned, and would operate in satisfaction and dis-

charge to the amount of such payment of the said judgment heretofore recovered by the said Whitredge against said company.

Judgment was accordingly directed in favor of the plaintiff, that she recover of the defendant, The Mutual Life Insurance Company of New York, the sum of $25,000 and interest, the amount of the policies, and that the defendants, Brune and Harris, be enjoined from collecting or attempting to collect, or in any manner to enforce the judgment recovered by Whitredge against said Mutual Life Insurance Company, except as respects the residue of said judgment, if any there be remaining unpaid after the payment of the moneys so directed to be paid.

Judgment was entered accordingly

*S. P. Nash,* for appellants. The case was not one for an interpleader. (*Sherman* v. *Partridge,* 4 Duer, 646; *Crawshay* v. *Thornton,* 7 Sim., 391; 2 M. & Cr., 1; *Pearson* v. *Cardon,* 2 R. & M., 606; *Sablick* v. *Russell,* L. R. 2 Eq., 441; *U. S.* v. *Vistor,* 16 Abb., 153; *Patorni* v. *Campbell,* 12 M. & W., 276; *James* v. *Prichard,* 7 id., 216; *Cochrane* v. *O'Brien,* 2 Jo. & Lat., 380; *Desbrough* v. *Harris,* DeG., M. & G., 439, 455.)

*Henry E. Davies,* for respondents. The case was a proper one for an interpleader. (*Barry* v. *Mut. L. Ins. Co.,* 53 N. Y., 536; *Ball* v. *Liney,* 48 id., 6; *Howland* v. *Lounds,* 51 id., 609; *Wright* v. *Ward,* 4 Russ., 215; Story's Eq. Jur., §§ 807, 808, 816; *Langston* v. *Boylston,* 2 Ves. Jr., 109; *Atkinson* v. *Marks,* 1 Cow., 703; *Morgan* v. *Marsack,* 2 Meriv., 107; *Yates* v. *Tisdale,* 3 Ed. Ch., 71; *Gibson* v. *Goldthwaite,* 7 Ala., 281; *Parris* v. *Gilham,* Cooper's Eq., 56; *Cady* v. *Potter,* 55 Barb., 463; *Rick* v. *Stephen,* 9 How. Pr., 193; *McKay* v. *Draper,* 27 N. Y., 256; 1 Wait's Pr., 167; *Badeau* v. *Rogers,* 2 Paige, 209; *N. Y. & H. R. R. Co.* v. *Haws,* 56 N. Y., 175; *Crawford* v. *Fisher,* 10 Sim., 479; *Welbranke* v. *Sparks,* 1 id., 385; *Richards* v. *Salter,*

6 J. Ch., 445.) The policies of 1867 and 1870 lapsed by reason of the non-payment of the premiums due December 9, 1871, and January 11, 1872. (*Ruse* v. *M. B. Ins. Co.*, 8 Geo., 534; 1 Big. Ins. Cas., 83; 23 N. Y., 516; *Harris* v. *Eq. L. As. Soc.*, 64 N. Y., 196; *Howell* v. *Knick. L. Ins. Co.*, 44 id., 276; 3 Robt., 232–248; *Bradley* v. *P. F. Ins. Co.*, 32 Md., 108; *Mut. L. B. Soc.* v. *French*, 2 Cin. S. C. R., 321; *Mut. L. B. Soc.* v. *Lewis*, 22 Conn. 321; *Baker* v. *Un. Mut. L. Ins. Co.*, 43 N. Y., 280; *Pitt* v. *Berk. Mut. L. Ins. Co.*, 100 Mass., 500 ; 1 Dis., 353 ; 1 Bigelow, 634 ; *Catovi* v. *Am. L. & T. Co.*, 4 Vroom. [N. J.],     ; *Greenfield* v. *Mass. L. Ins. Co.*, 47 N. Y., 430, 436; *Kelly* v. *Solari,* 9 M. & W., 54; *Kingston Bank* v. *Ettinge*, 40 N. Y., 391; *Un. B'k.* v. *Sixth Nat. B'k.*, 43 id., 452; *N. Y. L. Ins. Co.* v. *Stathame*, 93 U. S. R., 24.) Brune, in equity, acquired as against plaintiff no rights under the substituted policies he did not have by virtue of the original policies. (Story's Eq. Jur. [12th ed.], §§ 396, 1254–1265; *Fitzgibbon* v. *Scanlan*, 1 Dow., 261; *Turner* v. *Elsworth*, 4 Beav., 487; Bunyon on L. Ins., 302; *Nesbit* v. *Berridge*, 10 Jur. N. S., 53; *Dutton* v. *Wilner*, 52 N. Y., 313; *Norwood* v. *Guerdon*, 60 Ill., 253; *Chapin* v. *Fellowes*, 36 Conn., 132; *Lemon* v. *Phœ. L. Ins. Co.*, 38 id., 294.) Brune having wrongfully obtained an apparent title and possession of the original policies, stood in the position of plaintiff's agent or trustee. (*Salisbury* v. *McCoom*, 3 Com., 379, 390; 2 Story's Eq. Jur. [12th ed.], §§ 395, 513, 1258, 1259; Story's Agency [7th ed.], §§ 229–231.)

EARL, J. The questions involved upon this appeal were so thoroughly examined and considered in the Supreme Court that little more is needed here than briefly to announce the conclusions we have reached.

First. The case of *Barry* v. *The Equitable Life Assurance Co.* (59 N. Y., 587), concerned one of the policies attempted to be assigned by the same instrument which was proved in this case. It was there held that the assignment was wholly

invalid, and conveyed no legal or equitable title to, or interest in, the policies attempted to be assigned. That, like this, was an equitable action to determine the conflicting claims of the plaintiff and of the defendants Brune and his assignee, to the amount due upon the policy there involved, and it was decided that she was entitled to recover the amount. Therefore, but for the new policies taken out by Brune, this case would be wholly controlled by the decision in that.

Second. Brune, having no title to, or interest in, the policies, had no right to surrender, cancel or impair them, or to deal with them in any way. But, for the purpose of getting title to them, he and plaintiff's husband arranged, without her knowledge or consent, to permit the policies to lapse for non-payment of the premiums, and then to take out new policies to Brune, as creditor of the assured. It matters not that neither Brune nor Mr. Barry was bound to pay the premiums. We may assume that she, a married woman, expected and had the right to expect that one of them would keep the policies in life by payment of the premiums. The policies were of value to her, and she had an interest to keep them in life, and they, at least, owed her the duty to apprise her of what was going on with the policies, so that she could pay the premiums, if they were unwilling to do so.

It is clear that the old policies were the consideration of, and the inducement to, the new policies. The new policies could not have been obtained but for the possession and surrender by Brune of the old policies, and the premiums upon the new policies were paid, in part, by a cash dividend due upon one of the old policies. Brune thus, by means of the possession of the old policies, which belonged to the plaintiff, and by using and surrendering them, obtained the new policies. The real substance of the transaction was a substitution of the new policies for the old, for the purpose of getting the security which the old did not give him. Under the circumstances of this case, both upon reason and authority, the substituted policies, in equity, simply take the place of the old policies, and the money payable thereon must go to

the party entitled under the old policies. For this conclusion there is abundant reason and authority. (Story's Eq. Jur., §§ 1254, 1257, 1258, 1259, 1262, 1265; Bunyon on Life Ins., 302; *Nesbit* v. *Berridge*, 10 Jurist [N. S.], 53; *Norwood* v. *Guerdon*, 60 Ill., 253; *Chapin* v. *Fellowes*, 36 Conn., 132; *Lemon* v. *The Phœnix Life Ins. Co.*, 38 id., 294; *Dutton* v. *Willner*, 52 N. Y., 312; *Mitchell* v. *Reed*, 61 id., 123.)

Third. The pleadings, proofs and findings show that the insurance company was willing to pay the amount due upon the policies to the person entitled thereto; that the plaintiff claimed it was due to her, and that Brune's assignee claimed it was due to him; and hence it was proper to determine in this action the conflicting claims to this money, and the judgment of the court, making such determination and protecting the insurance company against double payment, was right.

The judgment must, therefore, be affirmed, with costs.

All concur, except FOLGER, J., not sitting.

Judgment affirmed.