## SUPREME COURT.

THE MUTUAL LIFE INSURANCE COMPANY agt. ELEANOR J. TERRY and ABRAHAM S. JACKSON.

*Insurance (Life) — Policy for use of wife non-assignable — Policy changed to paid-up policy does not change its character — Transfer though made in another state not valid here.*

A life policy which, as originally issued, was declared to be for the use of the wife of the insured, is not changed in its character by being afterward changed to a "paid-up" policy; and being non-assignable under the laws of the state during the life of the insured, any transfer of the widow's interest in it, though made in another state, could not be deemed valid here.

*Special Term, January,* 1882.

LARREMORE, *J.* — The policy as originally issued was declared to be for the sole use of Eleanor J. Terry, in conformity with the statute in such case made and provided.   In case of her death during the life of the insured, the amount of the insurance was made payable to her children, or to their guardian if under age.   The indorsement upon it by which it became a "paid-up" policy did not change its character or effect.   It still remained what the law has declared it to be — a contract made with an eye to the provisions of the act of April 1, 1840 (*Laws of* 1840, *chap.* 80), and the acts amendatory thereof, which were intended to provide for a state of widowhood and orphanage.   By the law of this state, such a policy is non-assignable during the life of the insured (*Eadie* agt. *Slimon*, 26 *N. Y.*, 9 ; *Barry* agt. *Equitable Life Ins. Co.*, 59 *N. Y.*, 587 ; *Wilson* agt. *Lawrence*, 13 *Hun*, 238 ; 76 *N. Y.*, 585 ; *Brummer* agt. *Cohn, Ct. of App.*, *October*, 1881 ; *reported ante*, 171.)

As was said by chief justice FOLGER (59 *N. Y.*, 587), " the contract was made here, is payable here, and this action is here."   At the time of the alleged assignment of the policy by Mrs. Terry, it had not become realized personal property and was therefore unassignable.   Such being the fact, any transfer of her interest in it, though made in another state, could not be deemed valid here (see authorities above cited).

Judgment must be rendered in favor of Mrs. Terry ; but in view of all the facts of the case the defendant Jackson should not be mulcted in costs.   He appears to have acted under the belief that he had a rightful claim to the property in dispute, and ought to reimburse himself for actual advances upon its credit.   It is not denied that advances were made to her by him, and as Mrs. Terry will now receive the insurance moneys as realized assets, and has made no offer of repayment of the sums borrowed, it is not just that Jackson should suffer further loss on her account.