## SUPREME COURT.

MARY E. WHITEHEAD and others agt. THE NEW YORK LIFE INSURANCE COMPANY.

*Life insurance — When surrender of policy invalid — Insurance for wife and children.*

Where a person who insured his life for the benefit of his wife and children surrendered the policies after the death of his wife, signing as guardian of his children, though all but one of the children had arrived at full age:

*Held*, that such surrenders were void, and the children, who, until their father's death, were ignorant of the existence of the policies, became entitled, at his death, to the full amount named in them, less the amount of premiums which accrued since the surrenders.

*Special Term, June*, 1882.

*Frazer & Minier*, for plaintiffs.

*Henry E. Knox*, for defendant.

VAN VORST, *J.*— From a consideration of all the facts and circumstances involved in this case, I am persuaded that the

transactions between George Davis, whose life was insured, and the defendant, by which he surrendered the policies in question, were void.

The interest secured by the policies were not in him, but in his wife and children, and upon her death, wholly in the latter. At the time of the surrender by their father, the children's interest was complete, as their mother had died.

George Davis, whose life was insured, was not, as he claimed to be, the guardian of his children, and had no power or authority to represent them, so as to give any legal or equitable effect to the surrender of the policies in question. In fact the children, at the time of the surrender, with the exception of one of them, were of full age, and upon no principle with which I am familiar were they concluded by their father's act, of which they were wholly ignorant, and of which they knew nothing until after his death.

The rights of the children, to whom the moneys were payable upon their father's death, could not be surrendered by their father without their consent. The premiums theretofore paid had fastened these rights under the policies. For a proposition so simple and clearly just, one would suppose that no cases were necessary to be cited, yet *Barry* agt. *Brune* (71 *N. Y.*, 261), *Eadie* agt. *Slimmon* (26 *N. Y.*, 15), *Applegate* agt. *Fraternal Insurance Company* (7 *Ohio L. R.*, 292), *Pitcher* agt. *New York Life Insurance Company* (10 *Ins. L. J.*, 312), confirm the principle above announced. In *Klein* agt. *New York Life Insurance Company*, to which I am referred by defendant's counsel, the facts and equities were different.

As to all the policies the surrenders must be vacated and set aside, and the policies declared to have been enforceable at the death of George Davis, subject to the payment thereon of the premiums since the surrenders.

As soon as they were made aware of the fact of their interest, the plaintiffs offered to pay the premiums in arrear. Such offer dispels the idea of laches.

Upon furnishing the necessary proof of the death of their father, the plaintiffs are entitled to recover the amount of the policies, less the premiums in arrear, with interest thereon.

This applies to the policy of $2,500 as well as the others. There is no evidence that the defendant, at the time of the surrender, treated that policy as lapsed. But otherwise it was dealt with as one in force, notwithstanding the non-payment of the last premium, and this must be regarded as a waiver of the default. As to the other policies, the premiums had been paid at the time of the surrender.