By the Referee.
Daniel W. Brown, on January 23, 1865, procured from the Globe Mutual Life Insurance Company a ten years policy on his life for $10,000, loss payable to his wife, Mary M. Brown.
On March 11, 1868, he delivered said policy to the company, and procured a paid-up policy for $3,500 on his life, loss payable to his wife.
On May 4, 1868, he delivered to the company the last named policy and obtained from it a certificate for $1,021.88, which he subsequently assigned to one Samuel Bervoise, to whom the company, on October 19, 1868, paid the amount thereof.
The policies were taken out, the premiums paid, policies surrendered and certificate assigned by Daniel W. Brown, without the knowledge or assent of his wife, who had no information in respect to the policies until after her husband’s death. Mrs. Brown now seeks to recover the value of the paid-up policy, claiming that her husband had no authority to surrender the paid-up policy to the company, or assign the' certificate, and that she is not bound by the payment to the assignee of the certificate.
It is- contended, on behalf of the receiver, that the first policy became void unless the premium due in August, 1868, was paid, or unless it was surrendered, and a paid-up policy demanded within a reasonable time after default.
It appears that a surrender of the first policy was made within the time and as required by the terms of the policy issued, and a paid-up policy issued, to which action the claimant assents, and w.e think the company cannot claim that the paid-up policy was *77 void for the want of authority on the part of the husband to make the surrender.
Mrs. Brown, having made her claim under the paid-up policy, has thereby ratified the act of her husband in procuring it, and on the principles stated in Coyle v. City of Brooklyn, 53 Barb. 41, 56 ; Baker v. Union Mutual Life Ins. Co., 43 N. Y. 283; Thompson v. American Tontine, &c. Life Ins. Co., 46 N. Y. 674, and Elwell v. Chamberlin, 31 N. Y. 611 (cited on brief of receiver’s counsel), she is bound by his action in that respect.
It is further contended on the part of the receiver, that the wife must ratify the husband’s action as a whole or not at all. That if he was her agent for the purpose of surrendering the original policy and obtaining a “paid-up” on March 11, 1868, he was still her agent two months afterward when he surrendered the paid-up policy and took its value in money.
As it appears by the evidence that Mrs. Brown had no knowledge of the policies or their surrenders until after her husband’s death, he certainly could not have acted as her agent or by her authority. He evidently acted for himself and on his own authority. His wife can therefore only be bound by his acts so far as she has ratified them, and the ratification of one act for her benefit would not result in ratifying all his acts, some of which were to her injury.
When the policy was issued it became the property of the wife ; it was, as stated by the court in Eadie v. Slimmon, 26 N. Y. 9, a provision for a state of widowhood, and could not be assigned by the wife, prior to the act of 1873 (chap. 821 of Laws of 1873).
If Mrs. Brown con Id not assign the policy herself, no authority could be conferred on her husband to assign or surrender it, and since his death she has not ratified or consented to his action in that respect.
His claimed, however, that if the husband had no *78 power to surrender the paid-up policy, he had no power to surrender the first policy.
The paid-up policy, however, was issued in continuation of the first policy, and for its then value, and the company entered into a new covenant that no more ■ premiums should be paid. In one sense it was the first policy continued; it was not an entire cancellation of the contract of insurance, as was the surrender of the paid-up policy.
Justice Lawrence, in the Mutual Life Insurance Co. v. Terry (4 Monthly L. Bul. 26), held that a life policy, which as originally issued was declared to be for the use of the wife of the insured, is not changed in its character by being afterward changed to a paid-up policy, and being nonassignable under the laws of the State during the life of the insured, any transfer of the widow’s interest in it, though made in another State, could not be deemed valid here.
From the order of the special term confirming the report of the referee, the receiver of the defendant appealed to the general term which reversed the order of the special term, and denied the motion to confirm the referee’s report.
Per Curiam.
We think under the circumstances the husband must be regarded as the agent of the wife and authorized to receive the payment upon the policy and the remedy is against his estate for the money.
The order should be reversed and the motion denied.
From the order of reversal of the general term the claimant appealed.
Wm. Ives Washburn, for the claimant, appellant. —I. A policy issued on the life of a husband for the *79 benefit of a wife, and payable to her sole use, vests the entire beneficial interest in her (Thompson v. American Tontine Life, &c. Ins. Co., 46 N. Y. 674; Baker v. Union Mut. Life Ins. Co., 43 Id. 283; 3 R. S. 7 ed. 2339 ; L. 1840, c. 80 ; L. 1866, c. 656).
II. The exchange of a ten-year life policy for a paid-up policy in a pro rata amou'nt is only a continuance of the original contract. If such exchange had not been made, the original policy would have lapsed by reason of the non-payment of the premiums to fall due. But the original contract provides that after the payment of two or more premiums the contract will be continued for the value already acquired. This was of the essence of the original contract, and the issuing of the paid-up policy for the value acquired under policy No. 168 was but carrying into effect its provisions.
A life policy which, as originally issued, was declared to be for the use of the wife of the insured, is not changed in its character by being afterward changed to a “ paid-up” policy. “It still remains what the law has declared it to be—a contract made with an eye to the provisions of the act of April 1, 1840 (A. 1840, c. 80), and the acts amendatory thereof, which were intended to provide for a state of widowhood and orphanage. By the laws of this State such a policy is non-assignable during the life of the insured” (Mutual Life Ins. Co. v. Terry, 62 How. Pr. 325, and cases cited).
It is undisputed that the old policy was the consideration of and inducement to the new and paid-up policy, and the husband, by having possession of the old policy, which belonged to the claimant and appellant herein, and by using and surrendering it, obtained the new policy. The real substance and only object, so far as appears, of the transaction, was a substitution of the new policy for the old in order to avoid the *80 necessity of any farther payment of premiaras. The substituted policy simply takes the place of the old one, and money payable thereon must be paid to the party entitled under the old policy (Barry v. Brune, 71 N. Y. 261, and cases cited).
III. Where a policy is wrongfully surrendered, the rights of the beneficiary attach to the substituted policy (Bliss on Life Ins. [2d ed.], § 339, and cases cited). On the theory, therefore, that Mr. Brown had no right to surrender the first policy, yet did so, he could not so vary the contract as to destroy his wife’s interest.
IV. An agent to procure insurance has no implied power to consent to the cancellation of a policy once procured and delivered (Rothschild v. Am. Central Ins. Co., 11 Ins. Law J. 282 ; Stilwell v. Mutual Life Ins. Co., 72 N. Y. 385.) The wife may very well ratify his act in procuring the paid-up policy, which was merely •the continuance of her contract in another form, and refuse to ratify the second surrender, which was a separate and distinct act, and in fraud of her rights. The rule that a principal cannot affirm in part a contract made by his agent, and repudiate in part, does not apply in the present case, as here the wife does ratify the entire contract, and only refuses to ratify a separate and subsequent transaction between her husband and the company in fraud of her rights (Baker v. Union Mut. Life Ins. Co., 43 N. Y. 283).
V. A surrender by a husband of a policy on his life for the sole use of his wife, or for the use of his wife and children, is unauthorized and void (Matter of Booth, 11 Abb. N. C. 145; Whitehead v. N. Y. Life Ins. Co., 4 Monthly L. Bul. 58; Fraternal Mut. L. Ins. Co. v. Applegate, 7 Ohio St. 292 ; Stilwell v. Mutual Life Ins. Co., 72 N. Y. 386). And policies in favor of married women as such are absolutely non-assignable (Eadie v. Slimmon, 26 N. Y. 9; Barry v. Equitable Life Assur. *81 Co., 59 Id. 587 ; Wilson v. Lawrence, 76 Id. 585 ; aff’g 13 Hun, 238). The right of the wife under this policy was complete, and could not be surrendered by the husband without her consent. On what principle, therefore, could she be" concluded by his act, of which she was wholly ignorant, and of which she knew nothing until after his death % (Whitehead v. N. Y. Life Ins. Co., 63 How. Pr. 394.)
VI. This paid-up policy was within the provisions of the Act of 1840. It is not essential that this should appear either by the terms of the policy, or by extrinsic evidence. The intention is to be presumed from the beneficial nature of the policy, and it is absolutely non-assignable except in the cases allowed by statute (Brummer v. Cohn, 86 N. Y. 11; Mutual Life Ins. Co. v. Terry, 62 How. Pr. 325, and cases cited). The statutes allowing such assignment were not passed until 1873, or long after this purported surrender in 1868.
Wingate & Quiten, for the receiver, respondents —I. Notwithstanding the language of the statute requiring a surrender by the wife of a policy of insurance to be acknowledged, that fact does not take her out of the ordinary rules in regard to estoppel. This application is made to a court of equity which is distributing the fund, and the rule applies “ he who seeks equity must do equity.” There is no equity in the present claim.
II. By its own terms, the first policy was to become void, unless the premium due in August, 1868, and annually thereafter, was paid, or unless it was surrendered and a paid-up policy demanded, and the law would imply that such demand should be made within a reasonable time after default. The husband, having the custody of the policy, and being the only person who knew of the matter, took the policy to the company and surrendered it, receiving in return a policy *82 upon which the present claim is made. The making of this claim upon the paid-up policy so received is a ratification of his act in making that surrender. If he was not the agent of the assured for that purpose there was no surrender, and the original policy lapsed in August, 1868, and the statute of limitations had run upon all her rights under it prior to the failure of the company.
III. If the wife affirms the act of the husband in surrendering the original policy for the “paid-up” in question, she necessarily recognized him as her agent having authority to exchange the latter for its money value. (A.) The wife must ratify the husband’s action as a whole, or not at all. It is an elementary principle that by ratifying a contract one adopts the agency altogether, as well what is detrimental as that which is for his benefit (Smith Mer. Law, § 60 ; Story Ag. § 250). If he was her agent for the purpose of surrendering the original policy and obtaining a paid-up one on March 11, 1868, he was still her agent two months afterward (May, 1868), when he surrendered the policy thus received and took its value in money. The two matters were really one transaction. (B.) The policy in question was, on its face, a contract with the wife, not an insurance effected by the husband for the wife’s benefit. In taking it out, he acted as the wife’s agent. If she seeks to avail herself of the contract, she must recognize his agency, and in so doing, his right to continue to act as her agent by continuing or selling out the.contract (Coyle v. City of Brooklyn, 53 Barb. 41, 56; Baker v. Union Mutual Life Ins. Co., 43 N. Y. 283, 288; Elwell v. Chamberlin, 31 N. Y. 611; Bennett v. Judson, 21 N. Y. 238). (C.) The paid-up policy was not a mere continuance of the original policy, but a distinct and separate agreement, a substitution of a new' contract in return for a surrender of the original policy. This substitution could only be *83 legally made by an authorized agent of the assured. (D.) Again, as none of these policies ever came into the wife’s hands at all, there never was any acceptance of either of them during their existence so as to create a valid contract which she can enforce (Thompson v. Am. Tontine L. and S. Co., 46 N. Y. 674). The taking out of the policy by the husband in favor of his wife was a mere gratuity, and could be revoked by him before it was assented to by her. All the reported cases in which it is decided that the wife’s right to a policy taken out by the husband is irrevocable, are cases where the wife had been informed of and had assented to the original policy before the surrender.
IV. The statute requiring the surrender of a wife’s policy to be in writing, and separately acknowledged, has no application. (A.) That was first introduced by chapter 821, Laws 1873. At the time of this surrender chapter 656, Laws 1866, was in force, which did not require such acknowledgment (2 Laws 1866, p. 1413). (B.) Even the statute of 1873 does not say that no surrender or assignment of a policy by a married woman shall be valid unless acknowledged, &c., but that any policy in her favor may be so surrendered. (C.) At the time of making the original policy, and of the issuing of the paid-up policy in question, no authority existed to surrender the former. The surrender itself being illegal, it follows that there was no consideration for the paid-up policy. That was issued upon the faith of the assumption that the husband had a right to surrender the original policy. If he had no such right the act was a nullity, the original policy continued in force, the paid-up policy issued on the faith of it was void, and the company and Mrs. Brown were remitted to their rights upon it. She having failed to pay the premiums upon the original policy after the surrender, it became void (Attorney General v. Guar *84 dian Mutual Life Ins. Co., 14 Weekly Dig. 328; aff’d, 91 N. Y. 655).
V. In Stillwell v. Mutual Life Ins. Co. of N. Y. (72 N. Y. 385), the original policy was in a company other than that to which he husband surrendered it, and it did not appear that the wife was not aware of its existence. It was within the rule that when an agent has, without authority, disposed of the principal’s property, the latter can follow what he has received for it. The distinction is, that here the whole transaction was between the agent and a single company, and the claim being made upon the “ paid-up,” instead of upon the original, necessarily assumes an authority to surrender the original on the part of the husbandi And the existence of an authority to surrender one policy is sufficient to bind the principal by the surrender of another arising out of it, when, as here, the other party acted bona fide and in reliance upon the first authority.
VI. No demand for a paid up policy can be now made. (A.) The claim is made upon the paid-up policy issued in 1868, eleven years before the failure. (B.) After the lapse of fourteen years and the death of the assured, it is too late to demand a paid-up policy. Besides, the claimant has never offered to surrender the original policy. When no time is prescribed for a surrender of the original policy, a demand for a paid-up must be made within a reasonable time (10 Ins. L. J. 700 ; Universal Life v. Whitehead, Id. 337)
The Court of Appeals reversed the order of the general term, and affirmed the order of the special term upon the opinion of the referee.
'' All concurred.