NATIONAL LIFE INSURANCE COMPANY.

*vs.*

ABRAM HALEY, administrator, and W. C. PALMER, administrator.

York.　Opinion May 26, 1886.

*Life insurance. Lapsed policy. Beneficiary. Change of beneficiary.*

The insurance company, on the twenty-ninth day of March, 1869, issued its policy of insurance, No. 4091, for the sum of one thousand dollars, upon the life of Charles J. Haley, payable upon his death to his wife, Julia A. Haley, her heirs, executors, administrators, or assigns, requiring quarterly premiums of four dollars and eighty-eight cents. During her life she paid premiums, amounting to one hundred and sixty-five dollars and ninety-two cents. Upon her death in March, 1877, in order that Charles J. Haley might acquire to his own use the benefits of the policy of insurance, he and the company contrived together to allow the policy to lapse from non-payment of premiums, and the company issued to Charles J. Haley a new policy of insurance for the same amount, requiring the same quarterly premiums, payable to him or his legal representatives, dated October 12th, 1877,

numbered 32,705. Upon the new policy he paid in premiums the sum of seventy-eight dollars and eight cents, and died in September, 1881. Policy No. 4091 was not given or assigned to Charles J. Haley and it was a part of the consideration for policy No. 32,705. *Held*, on a bill of interpleader by the company upon which the respective administrators of the estates of Julia A. Haley and Charles J. Haley were required to interplead, that the insurance money be divided between the administrators in the proportion to the amount of premiums paid by their respective intestates.

BILL of interpleader. At a hearing on the bill it was ordered that the plaintiff pay the money into court and that the respondents interplead — that the respondent, Palmer, set out his claim in the form of an original bill and the respondent, Haley, answer thereto.

Upon the issue thus formed, after hearing, the court decreed that the orator pay into court the additional sum of $47.53 as interest and pay the taxable costs on a suit at law amounting to $14.02, and the orator receive from the fund its costs and counsel fees amounting to $80.50 ; and that the clerk, after paying to each of the respondents his taxable costs and retaining for his own fees one per cent of the fund, should divide the fund between the respondents in the proportion that their respective intestates had contributed and paid in premiums therefor. From this decree an appeal was taken, but the report does not state by whom.

The material facts are stated in the opinion.

*Drummond and Drummond*, for the plaintiff.

*H. R. Virgin*, for the respondent, Palmer.

Policy No. 4091 descended to the heirs of Julia A. Haley at her death. *Libby* v. *Libby*, 37 Maine, 360.

Her husband had no interest in it. *Cragin* v. *Cragin*, 66 Maine, 519 ; *Gould* v. *Emerson*, 99 Mass. 157 ; *Knickerbocker Life Ins. Co.* v. *Weitz*, 99 Mass. 159 ; *Swan* v. *Snow*, 11 Allen, 226 ; *Mullins* v. *Thompson*, 51 Tex. 7.

He did not, by surrendering that policy and taking out the new one, divest the interest of the heirs of his wife. *Chapin* v. *Fellowes*, 36 Conn. 132 ; May, Insurance, 589 ; Bliss, Life Ins. § 339 ; *Fraternity M. Life Ins. Co.* v. *Applegate*, 7 Ohio St. 292 : *Hogle* v. *Guardian Life Ins. Co.* 6 Robertson, 567 ; *Packard* v. *Conn. Mut Life Ins. Co.* 9 Mo. App. 469.

Where fraud is committed in obtaining a conveyance the grantee or assignee will be considered, in equity, a trustee for the real owner. 1 Greenl. Cruise, 378, 379; Bliss Life Ins. § 349; Story Eq. Jur. Vol. 1, §§ 321, 322; Vol. 2, §§ 1261, 1262, 1263, 1265; *Arnold* v. *Brown;* 24 Pick. 96; 4 Kent's Com. (12 ed.) *438.

*Hamilton and Haley*, for the respondent, Haley.

The policy upon which the money was paid into court, having been issued for the benefit of Charles J. Haley's estate, unless William C. Palmer can bring his claim within the rule of trusts it must fail.

And to bring his case within this rule he claims that the correspondence between Charles J. Haley and the insurance company shows such a fraud against the heirs of Julia A. Haley as to raise a trust in their favor.

There was no express trust. Perry on Trusts, § 24. Nor implied trust. *Id.* § 25. Nor resulting trusts. *Id.* § 26; Story Eq. § 1203; 53 Maine, 408; 30 Maine, 121; 14 Gray, 121; 114 Mass. 526; Perry, Trusts.§§ 128, 135, 27.

The cases cited by Bliss on Life Insurance, in which he lays down the rule referred to by counsel for Palmer, were all cases where the fiduciary relationship existed and the policies were surrendered before they were forfeited.

LIBBEY, J. This is a bill of interpleader brought by the National Life Insurance Company against Abram Haley, administrator of the estate of Charles J. Haley, deceased, and Wm. C. Palmer, administrator of the estate of Julia A. Haley, deceased, to try the title to the insurance of one thousand dollars, by a life policy issued by the complainant on the life of said Charles J. Haley.

A decree was made requiring the said Abram Haley and Palmer to interplead, and upon the pleadings being filed the case was tried at *nisi prius*, and the presiding judge with the aid of special findings by a jury, found the facts as follows :

The orator on the twenty-ninth day of March, 1869, issued its policy of insurance No. 4,091, for the sum of $1,000, upon the

life of Charles J. Haley, payable upon his death, to his wife Julia A. Haley, her heirs, executors, administrators, or assigns, requiring quarter yearly premiums of $4.88 ; and during the life of said Julia, she paid the premiums amounting to $165.92, and that upon her death in March, 1877, in order that the said Charles J. Haley might acquire to his own use the benefits of said policy of insurance, he and the orator contrived together to allow said policy to lapse from non-payment of premiums, and then said company issued to said Charles J. Haley a new policy of insurance for the same amount, requiring the same quarterly premiums, payable to said Charles, or his legal representatives, dated October 12th, 1877 ; numbered 32,705. That upon said new policy the said Charles paid in premiums the sum of $78.08, and died in September, 1881 ; that policy No. 4,091 was not given or assigned to Charles J. Haley ; that Julia A. Haley had an interest in that policy at the time of her decease ; that the heirs of Julia A. Haley had an interest in policy No. 32,705 and that there was other consideration for that policy besides what was expressed in it, the policy No. 4,091 being a part of said consideration.

The judge thereupon decreed among other things, that the insurance be divided between the said claimants in the proportions of the amounts of premiums paid by said Julia A. and Charles J. Haley.

Upon this part of the decree the whole contention between the parties arises ; Palmer claiming that the estate of Charles J. is entitled to the whole amount of the policy, or at least to said sum less the amount of premiums paid by Julia A. for which amount her heirs, by the terms of the first policy, were entitled to a paid up policy, while on the other side it is claimed that the estate of Julia A. is entitled to the whole sum insured.

We think the decree below, on the facts of this case is correct. The first question that arises is, was policy No. 4,091 forfeited by the devices resorted to by the insurance company and Charles J. Haley, so that the heirs of Julia A. Haley no longer had any interest in the insurance ? We think not. Charles J. Haley and the insurance company had no legal power by direct agreement

to change the beneficiaries named in the policy. This proposition is too well settled to require citation of authorities. They could not accomplish indirectly by the means resorted to, without the knowledge or consent of the heirs of Julia A. what they had no power to do by direct agreement. No such knowledge or consent is shown.

We are aware that there is an apparent conflict among the authorities upon this subject. But we think an examination of the decided cases will show that the apparent conflict arises more out of the variant facts acted on by the courts in the different cases, than from any essential difference in the principles of law applied to them. But if there is a real conflict we think there is a decided preponderance of authority in support of the rule we apply to this case. The question was very carefully and ably considered in *Barry* v. *Brune,* 71 N. Y. 261, in which the facts raised the same question under consideration, and the court held that the means used to cause the first policy to lapse, and a new one to be issued of like tenor, excepting the name of the beneficiary, were ineffectual to extinguish the right of Mrs. Barry, the beneficiary named in the first policy, to the insurance. In the opinion of the court, EARL, J., says, "It is clear that the old policies were the consideration of and inducement to, the new policies. The new policies could not have been obtained but for the possession and surrender by Brune of the old policies, and the premiums upon the new policies were paid, in part, by a cash dividend due upon one of the old policies. Brune thus, by means of the possession of the old policies, which belonged to the plaintiff and by using and surrendering them, obtained the new policies. The real substance of the transaction was a substitution of the new policies for the old, for the purpose of getting the security which the old did not give him ; under the circumstances of this case both upon reason and authority, the substituted policies, in equity, simply take the place of the old policies and the money payable thereon must go to the party entitled under the old policies. For this conclusion there is abundant reason and authority." The same rule is held in *Chapin* v. *Fellowes*, 36 Conn. 132 ; *Lemon* v. *The Phoenix Life Ins. Co.* 38 Conn.

294, and *Timayenis* v. *Union M. L. Ins. Co.* Circuit Court U. S. Southern Dist. N. Y., reported in Fed. Rep. vol. 21, No. 4, p. 223. In the latter case the facts were similiar to this case, except that the beneficiary did not procure the first policy and paid no part of the premiums.

The attempt to change the beneficiary named in the first policy being ineffectual the remaining question is how shall the sum due on the policy be divided? Courts have generally held that the beneficiary named in the first policy is entitled to the whole, but we think the facts in this case are, to some extent, different from those acted on by the courts which have so held. So far as we have observed where it has been so held the facts were such that the beneficiary might well expect that the premiums were being paid by the person who had commenced paying them. In this case, prior to the death of Julia A. Haley, the premiums had all been paid by her. After her death her heirs had no reason to expect that Charles J. Haley would pay them. He was in no way liable for them. He paid them under a claim that he should have the benefit of them. This the heirs of Julia A. might have known in the exercise of due diligence in their affairs. What they might have learned in the exercise of due diligence equity will treat them as knowing. The insurance, then, was earned by the premiums paid by Julia A. Haley, for the benefit of herself and her heirs, and by the premiums paid by Charles J. Haley after her death for his own benefit. Upon the facts of this case we think the rule adopted by the court below is in accordance with the equitable rights of the parties, and that the fund should be divided between the two estates in proportion to the amount of premiums paid by each intestate. This is the rule adopted by WALLACE, J., in *Timayenis* v. *Union M. L. Ins. Co. supra.*

*Decree below affirmed.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.