WILDEMAR KITTEL, Appellant, *v.* CHARLOTTE DOMEYER, Respondent, Impleaded with Others.

1. INSURANCE (LIFE) — PREMIUMS UPON POLICIES ASSIGNED BEFORE HUSBAND'S DEATH TO SECURE INDEBTEDNESS THEREOF — NOT TO BE CONSIDERED PART OF PREMIUMS TO BE CHARGED AGAINST WIFE IN COMPUTING INSURANCE PREMIUMS IN EXCESS OF $500, ANNUALLY — DOMESTIC RELATIONS LAW (L. 1896, CH. 272, § 22). Under the provisions of the Domestic Relations Law (L. 1896, ch. 272, § 22) providing that where the premiums for life insurance " actually paid annually out of the husband's property exceed five hundred dollars, that portion of the insurance money which is purchased by excess of premiums above five hundred dollars, is primarily liable for the husband's debts ; " the premiums upon policies assigned by a wife and her husband, before his death, to secure the payment of indebtedness due from the husband, should not be considered as part of the five hundred dollars or be charged against the wife, after her husband's death, in determining the amount of life insurance to which she is entitled.

2. SAME — CONSTRUCTION OF PROVISION THAT " THE INSURANCE MONEY PURCHASED BY EXCESS OF PREMIUMS ABOVE FIVE HUNDRED DOLLARS IS PRIMARILY LIABLE FOR THE HUSBAND'S DEBTS." The provision of such statute, that " that portion of the insurance money, which is purchased by excess of premiums above five hundred dollars is primarily liable for the husband's debts," does not authorize an immediate proceeding by a creditor of the husband against the insurance fund without regard to the condition of the estate generally; the wife is not to be deprived of any portion of the insurance moneys until it is ascertained by administration upon the estate that the other assets thereof will not suffice to satisfy the claims of the creditors, and until such claims are discharged they are a lien upon so much of the insurance money as was purchased by excesss of premiums above five hundred dollars, and that money is, as to the wife, primarily liable for her husband's indebtedness, unless otherwise discharged.

3. SAME — RIGHT OF WIFE TO INSURANCE FUND IS A STATUTORY NOT A CONTRACT RIGHT — PROCEEDS OF POLICIES ISSUED BEFORE ENACTMENT OF THE STATUTE ARE SUBJECT TO ITS PROVISIONS. The wife's right to the insurance fund created by the husband's annual appropriation, or investment, of his moneys in premiums upon life insurance does not rest upon contract, but upon legislative grant exempting the fund from the claims of creditors; the right is contingent upon her surviving her husband, and the statute is enabling and relates to the remedy; the state has the right to change and regulate such exemption before the fund reaches the wife, and, therefore, proceeds of policies issued before the enactment of the statute are subject to its provisions.

4. SAME — INSURANCE PURCHASED BY PREMIUMS IN EXCESS OF $500 — SHOULD BE HELD BY LEGAL REPRESENTATIVE OF DECEDENT AS A SEPARATE FUND — IF ASSETS OF ESTATE SUFFICIENT TO PAY DEBTS IN WHOLE OR IN PART, INSURANCE OR SURPLUS THEREOF SHOULD BE PAID TO WIDOW OF DECEDENT. Where a husband, having a large amount of life insurance payable to his wife, under policies issued prior to the enactment of the statute in question, died intestate leaving debts unpaid, and an action is brought against his widow, the administrator of his estate and the companies in which decedent was insured, to have a debt declared a lien upon and be paid out of insurance moneys purchased by premiums in excess of $500, the insurance purchased by such excess of premiums after deducting the premiums paid upon policies assigned to plaintiff by decedent and his wife, before his death, to secure an indebtedness due plaintiff, should be paid into the hands of the administrator of decedent to hold the same as a separate fund until it shall appear that the assets, other than the insurance money in question, are insufficient to pay the debts of the deceased, which shall have been established, in which event only the excess insurance money shall be applied in satisfaction of the claims of creditors ratably; in the event of the other assets proving sufficient to pay the debts of deceased, or of there being a surplus of insurance money after paying the debts, the excess insurance, or the surplus thereof, as the case may be, shall be repaid to the widow of decedent.

*Kittel* v. *Domeyer*, 70 App. Div. 134, reversed.

(Argued May 7, 1903; decided May 22, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 16, 1902, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George H. Fletcher* for appellant. The insurance moneys are " primarily " and not " secondarily " liable for the husband's debts. (*Smith* v. *Wyckoff*, 11 Paige, 49 ; *Stokes* v. *Amerman*, 121 N. Y. 337 ; *Eadie* v. *Slimmon*, 26 N. Y. 9 ; *Barry* v. *E. L. A. Soc.*, 59 N. Y. 587 ; *Wilson* v. *Lawrence*, 76 N. Y. 585 ; *Brummer* v. *Cohen*, 86 N. Y. 11 ; *Smillie* v. *Quinn*, 90 N. Y. 492 ; *Baron* v. *Brummer*, 100 N. Y. 372 ; *Frank* v. *M. L. Ins. Co.*, 102 N. Y. 266 ; *Dannhauser* v. *Wallenstein*, 169 N. Y. 199.) The Appellate Division erred

in declaring that the administrator of the deceased husband is obligated or empowered to reduce this insurance money to possession. (*Bank of Washington* v. *Hume*, 128 U. S. 195.) The dismissal of the complaint was erroneous. (*Strike's Case*, 1 Bland, 57; *Birely* v. *Staley*, 5 G. & J. 432; *Gibson* v. *McCormick*, 10 G. & J. 65; *Hammond* v. *Hammond*, 2 Bland, 306; *Totum* v. *Rosenthal*, 95 Cal. 129; *Elwell* v. *Johnson*, 3 Hun, 558; *White's Bank* v. *Farthing*, 101 N. Y. 344.) The statute is not retroactive; it does not impair the obligation of any contract; it does not deprive defendant of property without due process of law. It is constitutional. (*Clarke* v. *McCreary*, 12 S. & M. 347; *Strong* v. *Clem*, 12 Ind. 37; *Tong* v. *Marvin*, 15 Mich. 60; *Barbour* v. *Barbour*, 46 Me. 9; *Talbot* v. *Talbot*, 14 R. I. 57; *Randall* v. *Kreiger*, 23 Wall. 137; *Moore* v. *Mayor, etc.*, 18 N. Y. 110; *Richards* v. *B. B. Co.*, 47 Fed. Rep. 854.) · The statute is remedial; an amendment of prior acts; a change in the exemption laws. (*Morse* v. *Goold*, 11 N. Y. 281; *Sturges* v. *Crowningshield*, 4 Wheat. 122; *Mason* v. *Haile*, 12 Wheat. 370; *Beers* v. *Haughton*, 9 Pet. 328; *Waltermire* v. *Westover*, 14 N. Y. 16; *Baron* v. *Brummer*, 100 N. Y. 372.) Plaintiff is entitled to a first lien upon the insurance money, purchased by excess of premium, under the statute. (*Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143; *Baker* v. *U. M. L. Ins. Co.*, 43 N. Y. 283; *Bennett* v. *Judson*, 21 N. Y. 238; *Elwell* v. *Chamberlain*, 31 N. Y. 611; *C. C. Bank* v. *White*, 6 N. Y. 252; *Cole* v. *Marple*, 98 Ill. 58; *Pullis* v. *Robison*, 73 Mo. 201; *N. T. Bank* v. *Wetmore*, 124 N. Y. 241; *Bank* v. *Levy*, 127 N. Y. 549; *Case* v. *N. O. & C. R. R. Co*, 101 U. S. 688.)

*Charles C. Sanders* and *John Vincent* for respondent. A retroactive effect will not be given a statute, if by such construction the obligations of pre-existing contracts are impaired. (*Walker* v. *Walker*, 155 N. Y. 81; *People* v. *O'Brien*, 111 N. Y. 1; *Wynehamer* v. *People*, 13 N. Y. 378; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143; *People* v. *Reynolds*, 140 N. Y. 300; *Brine* v. *H. F. Ins. Co.*, 96 U. S.

627; *Matter of Lee Bank,* 21 N. Y. 11; *Bronson* v. *Kinzie,* 42 U. S. 316; *Barnitz* v. *Beverly,* 163 U. S. 118; *S. W. Bank* v. *Schranck,* 39 L. R. A. 569.) The rights of the creditors of a husband to share in insurance for the benefit of a wife under section 22 of the Domestic Relations Law depend upon the husband's insolvency at the time the premiums in excess of $500 are paid out of his property. (*Eadie* v. *Slimmon,* 26 N. Y. 9; *Baron* v. *Brummer,* 100 N. Y. 372.) The defendant was entitled to a dismissal of the complaint. ( *W. Bank* v. *Farthing,* 101 N. Y. 344; *Spelman* v. *Freedman,* 130 N. Y. 421; *Harvey* v. *McDonnell,* 113 N. Y. 526; *Prentiss* v. *Bowden,* 145 N. Y. 342; *C. Bank* v. *Hume,* 128 U. S. 195; *Holmes* v. *Gilman,* 138 N. Y. 369; *C. Bank* v. *Kohner,* 85 N. Y. 189; *Wilson* v. *Lawrence,* 13 Hun, 238.) In estimating the amount of insurance purchased by $500 annual premiums allowed by statute to be paid out of the husband's property for insurance on his life in favor of his wife, no part of the premiums reserved by policies held by the husband's creditors should be considered. (L. 1896, ch. 272; *Holmes* v. *Gilman,* 138 N. Y. 369; *Dayton* v. *Claflin,* 19 App. Div. 120.)

GRAY, J.   This appeal involves the construction of section 22 of chapter 272 of the Laws of 1896, the Domestic Relations Law; which reads as follows, viz.: " A married woman may, in her own name, or in the name of a third person, with his consent, as her trustee, cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as her separate property, and free from any claim of a creditor or representative of her husband, except, that where the premium actually paid annually out of the husband's property exceeds five hundred dollars, that portion of the insurance money which is purchased by excess of premium above five hundred dollars, is primarily liable for the husband's debts   *   *   *."

Frederick Domeyer, at the time of his death in 1900, was carrying insurance upon his life to the aggregate amount of $40,000. Three of the policies, each for $10,000, issued by the Provident Savings Life Assurance Society of New York, the United States Life Insurance Company and the Penn Mutual Life Insurance Company, in the years 1892, 1893 and 1895, were payable to Charlotte Domeyer, wife of the insured. Three other policies, aggregating $10,000, also issued by the Provident Savings Life Assurance Society, in 1891, were payable to her; but they had been assigned, in 1894, by her and her husband to this plaintiff to secure the payment of an indebtedness due him from the deceased. This latter company paid into court the amount of its policy for $10,000; but it refused to pay the amounts of the other three assigned policies; inasmuch as they were claimed by the plaintiff and by Mrs. Domeyer. The other two companies paid the amounts due upon their policies to Mrs. Domeyer. The deceased was indebted to the plaintiff, at the time of his death, to the extent of nearly $19,000, and, within a few months thereafter, the latter commenced this action, alleging the insolvency of the deceased and demanding a judgment that the amount of his claim be declared " a lien upon  *  *  *  that portion of the insurance moneys  *  *  *  which was purchased by the excess of annual premium over $500," and that " he be paid his said claim from the insurance moneys." He joined as parties defendant the insurance companies, Mrs. Domeyer and the public administrator of the county of New York, to whom letters of administration had been issued upon Domeyer's estate. The issues in the action were tried at a Special Term and, upon the trial, the plaintiff was allowed to amend his complaint, so that it should appear that the public administrator had refused, upon demand, to bring this action. A decision was reached, to the effect, in brief, that the allegations in the complaint were true; that the payments for premiums exceeded $500 per annum and that they had been made by the deceased; that such proportion of the insurance money, as was purchased by annual premiums in excess of

14

$500, was impressed with a lien for the debts of the deceased in favor of all of his creditors, ratably; that the plaintiff should be paid, and should credit upon his claim, the amount due upon the three policies, which had been theretofore assigned to him; that the public administrator should be paid the amount of insurance moneys deposited with the court and that Mrs. Domeyer " after deducting the amount of the insurance moneys purchased by the annual payment of $500, less the amount of the three policies assigned by her to the plaintiff, should remit to defendant Hoes, (the public administrator), all of the proceeds of the policies collected by her." At the Appellate Division, to which court both plaintiff and Mrs. Domeyer had appealed, the judgment of the Trial Term was reversed and the complaint was dismissed as to the latter. From the judgment upon this determination, the plaintiff has appealed to this court.

As the reversal was upon the law, the facts stand as established by the decision of the Trial Term. It is to be observed that that decision, while denying the particular and exclusive relief demanded by the plaintiff, in the application to his claim, preferentially, of the insurance moneys, yet, sustained the action so far as to bring these moneys into the public administrator's hands for administration as a part of the estate of the deceased and for distribution, ratably, among the creditors, whose claims were proved. In determining how the fund for the satisfaction of the claims of creditors should be constituted, the trial court, in its decision, had held that the premiums paid upon the three policies, which had been assigned to plaintiff, should be considered as part of the $500, in determining the amount of the insurance which Mrs. Domeyer was entitled to. The Appellate Division considered it to be erroneous that she should be charged with the premiums upon the assigned policies, when she had parted with her interest in them in order that her husband's debts might be secured and when the payment of premiums thereon served to keep the policies alive for the benefit of the plaintiff only. I think the court was right in so holding. It was, also,

held by the appellate court that while, in the event of the refusal by the administrator, or executor, to perform his duty by reducing the excess of insurance to possession, a creditor might bring an action on behalf of himself and of all other creditors, the plaintiff's situation gave him no standing to maintain an action of this character. Presumably, what the learned court had reference to was the claim in the complaint to a preference in lien and in payment over all other creditors; for that was the theory of this action and. the plaintiff's contention is that his diligence entitles him to be so rewarded.

The judgment of reversal, therefore, was rested upon. the one, or the ·other, ground; that the plaintiff could not maintain such an action for his exclusive benefit, or that the trial court erred in determining how the excess of insurance was to be computed upon the premiums which had been paid.

With the reasoning of the Appellate Division upon the legislative intent, in the enactment of the statute in question, I think we should agree. The opinion of the court is so clear and its discussion is so full that I can add nothing to it. It was held, upon the question of the rights of creditors and of their enforceability under the statute, that the excess of insurance, as an equitable asset of the husband, dying insolvent, is a fund for all of the creditors of the deceased, to be distributed in the course of the administration of the estate. The intent of the statute, in providing that "that portion of the insurance money, which is purchased by excess of premium above $500, is primarily liable for the husband's debts," is that, when the estate of the deceased is insufficient for the payment óf his debts, in such case, the right of the wife to that portion of the insurance shall be postponed to the rights of creditors. In that sense is the word "primarily" to be read and not, as contended for by the appellant, in the sense of authorizing an immediate proceeding by a creditor against the insurance fund, without regard to the condition of the estate of the deceased generally. The wife is not to be deprived of any portion of the insurance moneys, in such a case, until it is ascertained by administration upon the estate, that the other

assets will not suffice to satisfy the claims of its creditors. Until their claims are discharged, they are a lien upon so much of the insurance money as was purchased by excess of premium above $500, and that money is, as to the wife, primarily liable for her husband's indebtedness.

With respect to the argument that the statute is not retroactive and that it cannot, validly, be made to apply to the proceeds of policies, issued before its enactment, the opinion below is equally satisfactory. It was held, in effect, that the legislative intent bore upon the exemption of a fund, which had been created by the husband as a provision for the benefit of his wife in the event of her surviving him. Her right did not rest upon contract, but upon a legislative grant, by way of exemption from the claims of creditors, of an insurance fund, created by the husband's annual appropriation, or investment, of his moneys. The wife's right was contingent upon her surviving her husband, in which event, only, she was " entitled to receive the insurance money." The statute is enabling and relates to the remedy. (*Baron* v. *Brummer*, 100 N. Y. 372.) The right of the state is clear to change and to regulate the exemption, before the insurance fund, which the husband accumulates during his life, reaches the wife.

Without further discussing these questions, I reach the conclusion that the reading and interpretation of the statute by the Appellate Division were right and should be approved. But, while of that opinion, I think the judgment of the trial court should not have been reversed, or the complaint dismissed. The trial court had the parties before it and, thus, acquired jurisdiction of the subject-matter of the action. It assumed that jurisdiction and, denying the demand of the plaintiff for preference in payment, made a disposition of the insurance money, which was to be available for the payment of debts, in the event of the insolvency of the estate of the deceased. That disposition, with the exception which has been alluded to, as to the computation of the excess insurance, was, substantially, correct; if, as I understand it, the fund

proceeding from the excess insurance was to be segregated in the hands of the administrator and was to be held by him for ratable distribution among the creditors, in the event that the other assets of the estate prove inadequate to pay their claims in full. It was quite unnecessary to reverse the judgment for the error in directing how the computation of the excess insurance should be made. Modification of the judgment could have rectified such an error and to do so would be more consonant with the equitable disposition of the issue presented to the court. In virtue of the power possessed by this court, I advise, therefore, the reversal of the judgment of the Appellate Division and that the judgment of the trial court be modified in the following particulars and, as so modified, that it be affirmed.

*First.* In computing the amount of the excess insurance, purchased by premiums paid by the deceased annually above $500, and in determining the amount of insurance to which the widow of the insured, Mrs. Domeyer, is entitled, the premiums paid upon the three policies previously assigned to the plaintiff shall not be charged against her, or be considered as a part of the $500.

*Second.* The amount of excess insurance shall be paid into the hands of the defendant, the public administrator, and, as to the fund so created and received, he shall hold the same as a separate fund, until it shall appear, as the result of his administration upon the estate of the deceased, that the assets, other than the insurance money in question, are insufficient to pay the debts of the deceased, which shall have been established; in which event, only, the excess insurance money shall be applied in satisfaction of the claims of creditors ratably. In the event of the other assets proving sufficient to pay the debts of the deceased; or of there being a surplus of insurance money, after ultimately resorting thereto for such a purpose, such excess insurance, or such surplus thereof, as the case may be, shall be repaid to the defendant, Mrs. Domeyer.

The order of the Appellate Division should be reversed

and the judgment of the trial court should be modified as indicated in this opinion and, as so modified, it should be affirmed, with costs to the plaintiff and to the defendant Mrs. Domeyer, in the Appellate Division and in this court, to be paid out of the excess insurance money, when received by the administrator.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Order reversed, etc.