In the Matter of the Accounting of ELLA S. THOMPSON, as
Executrix of FRANCIS A. THOMPSON, Deceased. .

ELLA S. THOMPSON, Individually and as Executrix, Appellant;
CHARLES A. BRYAN, Respondent.

(Submitted May 14, 1906; decided May 25, 1906.)

MOTION for re-argument. (See 184 N. Y. 36.)

*Louis Cohen* for motion.

*Henry Hill Pierce* opposed.

*Per Curiam.* This is the second motion made by the
respondent for a return of our remittitur for amendment, the
first having been denied and no leave given to renew.

The motion also includes an application for a re-argument,
based mainly upon the fact that the executrix is a non-resident
of the state, but it appears that she became a non-resident in
May, 1902, more than three years before the appeal was
argued in this court. Both applications are predicated sub-
stantially upon the inconvenience to the creditors in this state
of going to the state of New Jersey in order to sue the former
executrix, Mrs. Thompson. This fact did not give the Surro-
gate's Court jurisdiction of an action in the nature of a credit-
or's bill to reach assets not belonging to the estate. We did
not pass upon the merits in our decision, but simply held
that the surrogate had no jurisdiction of such a controversy.
(*Matter of Thompson*, 184 N. Y. 36.) Outside facts, not
appearing in the record but shown only by the affidavit of
the attorney for the creditors, cannot give the surrogate
jurisdiction if the statute never conferred it. Either the
surrogate had or had not jurisdiction to decide the ques-
tion which arose between the creditors and the executrix
as to the title to the moneys purchased by the excess
of insurance under the statute. If the surrogate had juris-
diction our decision was wrong. If he had no jurisdiction
under any circumstances, as we unanimously held, then no
outside fact could confer jurisdiction upon him. There is no
inconsistency between our decision in this case and that made
in *Kittel* v. *Domeyer* (175 N. Y. 205). That was an action

in the Supreme Court in equity and did not directly or indirectly involve any question as to the jurisdiction of a surrogate. We followed that decision and made it the basis of our judgment in the case before us as to the rights of creditors to the excess of insurance and the basis upon which they rest, namely, legislative grant. We held, as we had held before, that such insurance moneys are not general assets of the estate but constitute a special fund created by statute for a special purpose, to be applied on the claims of creditors only after a decree in a court of equity. There is nothing to call for a re-argument or for an amendment of the remittitur, and the motion should, therefore, be denied, with ten dollars costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT, J., not sitting.

Motion for re-argument denied.