CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Appellant, *v.* ESTHER CROSNEY, Respondent.

First Department, May 25, 1928.

*Jacob Scholer* of counsel [*Cornell S. Dikeman* with him on the brief; *Kaye, McDavitt & Scholer*, attorneys], for the appellant.

*Jacob I. Berman*, for the respondent.

O'MALLEY, J. The complaint alleges that one Abraham Crosney died insolvent leaving him surviving a widow, the defendant herein; that " she in the lifetime of her said husband *or* the said Abraham Crosney caused his life to be insured \* \* \* in her name as a beneficiary and for her benefit " (italics ours); that the premiums for such insurance amounting to an annual payment greatly in excess of $500 were paid out of the property of Abraham Crosney when insolvent. After setting forth the indebtedness of the deceased to the plaintiff in a large amount, the receipt by the defendant of some $100,000 insurance, and her refusal to turn such funds over to the estate, the complaint demands judgment that the court determine the amount of insurance that $500 of the annual premiums purchased; that such amount be payable to the defendant; that the amount of insurance in excess thereof be a trust fund for the creditors of the deceased; and that the defendant be directed to pay the same to the plaintiff.

Whether the defendant or her deceased husband caused the insurance to be effected, as alternatively alleged, is immaterial. In either event the case is brought within the purview of section 52 of the Domestic Relations Law, upon which it is avowedly based. (*Guardian Trust Co.* v. *Straus*, 139 App. Div. 884; affd., 201 N. Y. 546; *Wagner* v. *Thieriot*, 203 App. Div. 757; affd., on opinion below, 236 N. Y. 588.)

The complaint has been dismissed upon the ground that the limitation set forth in section 52 of the Domestic Relations Law, hereinafter referred to merely as section 52, has been removed by section 55-a of the Insurance Law, enacted by chapter 468 of the Laws of 1927, hereinafter referred to as section 55-a. The question presented, therefore, is whether section 52 has been repealed by section 55-a. Section 52 of the Domestic Relations Law reads: " Insurance of husband's life. A married woman may, in her own name, or in the name of a third person, with his consent, as her trustee, cause the life of her husband to be insured for a definite

period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as her separate property, and free from any claim of a creditor or representative of her husband, except, that where the premium actually paid annually out of the husband's property exceeds five hundred dollars, that portion of the insurance money which is purchased by excess of premium above five hundred dollars, is primarily liable for the husband's debts. The policy may provide that the insurance, if the married woman dies before it becomes due and without disposing of it, shall be paid to her husband or to his, her or their children, or to or for the use of one or more of those persons; and it may designate one or more trustees for a child or children to receive and manage such money until such child or children attain full age. The married woman may dispose of such policy by will or written acknowledged assignment to take effect on her death, if she dies thereafter leaving no descendants surviving. After the will or the assignment takes effect, the legatee or assignee takes such policy absolutely.

"A policy of insurance on the life of any person for the benefit of a married woman is also assignable and may be surrendered to the company issuing the same, by her, or her legal representative, with the written consent of the assured."

Section 55-a of the Insurance Law is as follows: "Rights of creditors and beneficiaries under policies of life insurance. If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the Statute of Limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in

behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

Concededly there is no express repeal. If repeal was had, therefore, it must be implied. In considering whether there has been a repeal by implication, we must bear in mind that such is not favored and that the absence of an express provision of repeal gives rise to the presumption that none was intended. (*People ex rel. Kingsland* v. *Palmer*, 52 N. Y. 83; *Grimmer* v. *Tenement House Department*, 204 id. 370, 378.) It is also to be noted that a general law does not repeal a special law by implication unless the intention so to do is clear. (*Grimmer* v. *Tenement House Department, supra; Welch* v. *City of Niagara Falls*, 210 App. Div. 170.) Where some purpose or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subjects. (*Woods* v. *Board of Supervisors*, 136 N. Y. 403.)

As was said in *Davis* v. *Supreme Lodge, Knights of Honor* (165 N. Y. 159, 166, 167): " It is frequently found that the conflict between two statutes is apparent only as their objects are different, and when the language of each is restricted to its own object they run in parallel lines without meeting; or the later act can be construed as a modification of or exception to the earlier one, thus avoiding all conflict between the two. The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of no repeal by implication. Where there is a difference in the whole purview of two statutes, apparently relating to the same subject, the former remains in force. (Dwarris on Statutes, 154.) It is always necessary to the implication of a repeal that the objects of the two statutes are the same in the absence of any repealing clause. If they are not both statutes will stand, though they may refer to the same subject. (*United States* v. *Claflin*, 97 U. S. 546.) Where there is a difference in the whole purview of two statutes, apparently relating to the same subject, the former is not repealed. (*Bowen* v. *Lease*, 5 Hill, 221.) The general policy of the law is adverse to repeals by implication, and special rules of interpretation require the provisions of different statutes to be so construed as to harmonize and avoid conflict, unless the plain meaning of the language is thereby violated. (*People ex rel. Super. of Poor* v. *Board of Supervisors*, 103 N. Y. 541.) "

In the light of the authorities cited we are of the opinion that section 55-a in no wise repealed in whole or in part section 52.

Section 55-a applies only in cases where the policy of insurance is effected by any person " in favor of a person other than himself." If a wife effects a policy of insurance upon the life of her husband in favor of herself, such clearly does not come within the purview of section 55-a, but is covered by section 52. If a husband effects a policy of insurance on his own life in favor of his wife, such situation, on first thought, might seem to fall within both statutes. But in fact it would be covered only by section 52 for in such a case the husband is deemed to be the agent of the wife in procuring the insurance upon his own life in her favor (*Wagner* v. *Thieriot, supra*); and again, section 55-a would not apply.

A third instance where a wife might be a beneficiary would occur if the policy of insurance were effected by a stranger on the life of the husband in her favor. But if such third party had no insurable interest in the life of the husband, the policy would be void. If he had an insurable interest section 52 would not apply, provided such third party was not acting as the agent of the wife. Again, therefore, there would be no conflict between the two statutes.

Section 52, moreover, does not apply generally to all policies of insurance effected on the life of a husband in favor of his wife. It affects only those policies on which the premiums in excess of $500 per annum have been paid by an insolvent husband.

Nor may conflict between the two statutes be predicated upon the fact that under section 52 a wife may have rights less than those possessed by a third party under section 55-a. All disabilities of coverture have not been removed. By exempting insurance purchasable by premiums to the amount of $500 per annum secured by the wife, even though paid out of the estate of her husband who has died insolvent, the wife, and under certain circumstances, the children of the marriage, are given some protection. She may not complain because others may have greater rights under special circumstances. Section 52 gives her rights not secured by section 55-a. She has under certain circumstances the right to dispose of the insurance by will or assignment to take effect on her death, and of assigning and surrendering the policy.

In reaching this conclusion it is not necessary to adopt the appellant's view that the right of a wife to insure her husband's life is given by section 52.

Whether such right existed at common law at all, or was limited to the extent only of the amount of her provable damages, has at times been considered a debatable question. (*Wagner* v. *Thieriot, supra*, 763.) That such right probably did exist seems to be clearly intimated by the Court of Appeals in *Holmes* v. *Gilman* (138 N. Y. 369, 380). (See, also, 1 Cooley's Briefs Ins. [2d ed.] p. 377.)

In *Holmes* v. *Gilman* (*supra*), PECKHAM, J., after citing decisions, said: " These cases favor the view that the statute upon the subject of the insurance of the husband's life in favor of his wife, while it regulates, does not create the right."

On the face of the complaint before us and the statutes concerned, the presumption of no repeal is not rebutted. The two statutes, while designed to operate upon the same general subjects, do not conflict. There is no clear intention shown to repeal section 52. If such were the intention, it seems strange that the section itself was not appropriately repealed or amended, or that section 55-a did not specifically amend or repeal it, or was not so worded as to leave no doubt that the earlier statute was repealed.

From the foregoing it follows that the pleading before us states a good cause of action. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order with notice of entry thereof, upon payment of said costs.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.