UNITED STATES MORTGAGE AND TRUST COMPANY, as Administrator, etc., of EDWIN D. RUGGLES, Deceased, Appellant, *v.* MARY B. RUGGLES and Another, Respondents.

First Department, November 2, 1928.

*Carroll G. Walter* of counsel [*Sherman Day* with him on the brief; *Patterson, Eagle, Greenough & Day,* attorneys], for the appellant.

*Hiram Thomas* of counsel [*George W. Morgan* with him on the brief; *Breed, Abbott & Morgan,* attorneys], for the respondent Mary B. Ruggles.

*Edwin F. Valentine* of counsel [*Valentine & Chichester,* attorneys], for the respondent The Northwestern Mutual Life Insurance Company.

PROSKAUER, J. The administrator of an insolvent decedent, resident of this State, sues to recover for the benefit of creditors that portion of certain insurance upon the life of the debtor which was purchased by the premiums in excess of $500 per annum. The action is based upon section 52 of the Domestic Relations Law.

The decedent Ruggles and the defendant Mary B. Ruggles, his wife, resided in Ohio prior to 1923. In that year they removed to New York and continued to be residents thereof until the date of Mr. Ruggles' death on March 13, 1926. All the policies involved in this suit had their inception prior to the removal of Mr. and Mrs. Ruggles to New York. Inferably the policies were kept alive, however, after they became residents of New York, and Mrs. Ruggles, as the beneficiary named in these policies, asserts title to their proceeds. She rests her claim upon the proposition that the contracts of insurance were made and to be performed outside of the State of New York, that a New York statute cannot be interpreted to impair the validity of these contracts, and that, therefore, section 52 cannot avail to protect the creditors. In my opinion there is no question here whatever of the impairment of the obligation of contract. The contracts were valid in their inception and it must be conceded that the New York statute would have no extraterritorial effect to reach the proceeds of these policies to the extent that they grow out of payments of premiums made before the parties became residents of this State. With respect to the proceeds representing premiums paid after they became residents of this State, however, an entirely different situation exists. At the time of the removal to New York there was no contractual obligation upon Mr. Ruggles to pay the premiums and no contractual right in Mrs. Ruggles to require him to pay the premiums. The payment by Mr. Ruggles of all premiums after

he became a resident of the State of New York was made voluntarily and not pursuant to any obligation either to the insurance companies or to Mrs. Ruggles. In the payment of these premiums he disposed of his property at a time when he was a resident of the State of New York. This disposal of his property was subject to the statutory regulations of the New York law and the administrator has a right to follow the proceeds of these policies to the extent of the amount of insurance purchased by premiums in excess of $500 a year after the time when Mr. and Mrs. Ruggles became New York residents.

For these reasons the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MERRELL and MARTIN, JJ., concur; DOWLING, P. J., and O'MALLEY, J., dissent.

O'MALLEY, J. (dissenting). This is an action based upon section 52 of the Domestic Relations Law, wherein the administrator of a deceased insolvent resident seeks to recover, for the benefit of creditors, that portion of certain life insurance payable to the wife of the decedent which was purchased by premiums in excess of $500 per annum. The amount involved is approximately $62,000.

Prior to 1923 when they came to New York, the decedent and his wife, the defendant Ruggles, had been residents of Ohio. While such residents the decedent applied for and received policies on his life in companies not domiciled in New York. Various changes as to form, number, amounts and beneficiaries took place, some occurring while the decedent was a resident of this State. However, as all the policies here in question were either taken out in Ohio, or procured pursuant to the rights granted by the Ohio policies or in substitution thereof, they must be regarded as Ohio contracts and the law of Ohio entered into and became a part thereof. (*Ætna Life Ins. Co.* v. *Dunken*, 266 U. S. 389, 399.)

Concededly under the laws of Ohio the wife as beneficiary would be entitled in the absence of fraud to receive all the proceeds free and clear from any claims of creditors of the decedent. Here there is no allegation or claim of fraud. Concededly premiums were paid by the decedent while a resident here. Does section 52 of the Domestic Relations Law apply?

It is elementary that, when named as beneficiary, the wife obtained a vested interest. The promise to pay ran to her, and as she has adopted the contracts, she must be considered a party thereto (*Washington Central Bank* v. *Hume*, 128 U. S. 195; *Thompson*

v. *A. T. Life & Sav. Ins. Co.*, 46 N. Y. 674), and might, we think, in appropriate circumstances have maintained an action thereon during the life of her husband. (*Buchanan* v. *Tilden*, 158 N. Y. 109.)

These contracts to which the defendant wife as beneficiary became a party were entire and not contracts from one premium payment time to another. (*N. Y. Life Ins. Co.* v. *Statham*, 93 U. S. 24; *Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143, 152; *Cohen* v. *N. Y. Mutual Life Insurance Co.*, 50 id. 610; *Sands* v. *N. Y. Life Insurance Co.*, Id. 626; *Ruse* v. *Mutual Benefit Life Ins. Co.*, 26 Barb. 556.) Premium payments made in this State, therefore, must be deemed immaterial on the question involved. Moreover, had the defendant Ruggles predeceased her husband, the proceeds would have gone to her estate, not his. (*Wagner* v. *Thieriot*, 203 App. Div. 757, 762, 763, and cases there cited; affd. on opinion below, 236 N. Y. 588.)

To permit section 52 of the Domestic Relations Law to operate in the present circumstances would plainly violate section 10 of article 1 of the Constitution of the United States. It would deprive the defendant Ruggles, the beneficiary wife, of her clear contract right (under the Ohio law) to receive the full proceeds of the policies, free and clear from any claims of her husband's creditors. Such action would impair the obligation of contract. (*Ætna Life Ins. Co.* v. *Dunken, supra; Bank of Minden* v. *Clement*, 256 U. S. 126; *Allgeyer* v. *Louisiana*, 165 id. 578.)

In *Bank of Minden* v. *Clement* (*supra*) the deceased took out policies of insurance upon his life, payable to his executors, administrators or assigns. At this time he was indebted to certain banks on notes which were renewed from time to time until his death. While he was so indebted and after the policies had been taken out, a statute of Louisiana was passed which exempted from debts of an assured the avails of insurance upon his life when payable to his estate. It was held that the statute was unconstitutional and did not exempt the policies and their proceeds from antecedent debts.

If creditors who were not named or described in a policy of life insurance and who could not during the lifetime of the assured enforce any of its terms or conditions may successfully raise the question of the unconstitutionality of such a statute, how much more may the defendant Ruggles do so in the case before us?

In *Ætna Life Ins. Co.* v. *Dunken* (*supra*) the assured took out policies of insurance while a resident of Tennessee. He died in Texas in which State a statute provided that if the insurance was not paid within thirty days after the demand, a penalty of twelve

per cent damages and reasonable attorney's fees would be exacted from the insurer. It was held that, so far as Tennessee contracts were concerned, the statute was unconstitutional.

If it was an impairment of a contract to attach a penalty for non-payment within a certain period, is it not equally an impairment of the contract in the case before us to deprive the beneficiary of the full amount of the policies?

Our conclusion is that the New York statute under consideration may not be applied to contracts of life insurance validly made without the State by non-residents.

It follows that the judgment appealed from should be affirmed, with costs.

Dowling, P. J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.