UNITED STATES MORTGAGE AND TRUST COMPANY, Administrator with Will Annexed of EDWIN D. RUGGLES, Deceased, Plaintiff, v. MARY B. RUGGLES and Another, Defendants.

Supreme Court, New York County, June 25, 1930.

*Patterson, Eagle, Greenough & Day,* for the plaintiff.

*Breed, Abbot & Morgan,* for the defendant Ruggles.

*Valentine & Chichester,* for the defendant Northwestern Mutual Life Insurance Company.

GLENNON, J. This is an action brought by plaintiff as administrator with the will annexed of Edwin D. Ruggles, deceased, pursuant to section 52 of the Domestic Relations Law, for a judgment which would in effect declare that such portion of the proceeds of policies of life insurance on the life of the deceased payable to his wife as was purchased by annual premiums paid out of his property in excess of $500 is primarily liable for the husband's debts. The parties have stipulated the facts, reserving to themselves only the right to raise objections as to their relevancy and materiality. At the conclusion of a prior trial of this action the court dismissed the complaint on the merits. On an appeal the Appellate Division reversed the judgment of Special Term and ordered a new trial. ( *United States Mortgage & Trust Co.* v. *Ruggles*, 224 App. Div. 504.) Prior to the year 1923, while the decedent, Edwin D. Ruggles, and the defendant Mary B. Ruggles, his wife, were residents of the State of Ohio, he obtained from the defendant insurance company and others certain policies of insurance. Several of the policies were ordinary life, while others were for convertible terms. Some named creditors as beneficiaries; others were assigned to creditors and then at a still later date released by the creditors. The date of the issuance of the policies, the conversion of some of them, and the changes of beneficiaries are for present purposes immaterial. Eventually there remained outstanding during the lifetime of the decedent and payable at his death policies aggregating $80,000, in each of which the defendant Mary B. Ruggles was named as sole beneficiary. During all of the time premiums were paid by the husband out of his personal estate. Not later than March 31, 1923, decedent and his wife became residents of the State of New York. He continued to pay the premiums on all of the policies. On March 13, 1926, he died insolvent, and the property and assets left by him are wholly insufficient to pay his debts. On December 17, 1926, this action was commenced. At the time Edwin D. Ruggles died, section 52 of the Domestic Relations Law was in full force and effect. The rights of the parties were fixed at the time of his death. The creditors were entitled to receive their proportionate share of the moneys due on the day of his death. Had the defendant insurance company paid out the proportionate share due to the creditors at that time, nobody could question the fact that they would well have been within their rights in so doing, assuming, of course, that the assets of the estate were insufficient to pay all proper claims. Defendants resist payment on the ground that section 55-a of the Insurance Law deprived the creditors of the right which they formerly enjoyed unless they could show that the premiums were paid with intent to defraud creditors. Section 55-a of the Insurance Law was

enacted in March, 1927. (See Laws of 1927, chap. 468, § 1.) This section of the Insurance Law does not by implication repeal any of the provisions of the Domestic Relations Law which are not inconsistent with its terms and general scope. The wording of the section itself does not in so many words repeal it. It will be noted that section 55-a refers to policies of insurance "heretofore or hereafter issued." It does not apply or refer to policies which have become due and payable by reason of the death of the person on whose life the policies were issued. The facts in this action are readily distinguishable from those which were before the court in the case of *Chatham Phenix National Bank & Trust Co.* v. *Crosney* (251 N. Y. 189). There Crosney, the decedent, died subsequent to the enactment of section 55-a. Here the decedent died upward of a year before its enactment. Under the circumstances I feel constrained to hold that section 52 of the Domestic Relations Law, is still in full force and effect for the purposes of determining the issues which have been raised by the parties.

This brings us down to the question of the distribution. Under the facts as stipulated, it is conceded that creditors have no rights under the laws of the State of Ohio to participate in the proceeds. It would seem only fair and just, therefore, to determine that section 52 of the Domestic Relations Law applied only to the premiums paid after decedent and defendant Mary B. Ruggles became residents of the State of New York. In fact, Mr. Justice PROSKAUER, in writing the majority opinion, which was handed down on reversal of this case after the prior trial, said in part as follows: "The payment by Mr. Ruggles of all premiums after he became a resident of the State of New York was made voluntarily and not pursuant to any obligation either to the insurance companies or to Mrs. Ruggles. In the payment of these premiums he disposed of his property at a time when he was a resident of the State of New York. This disposal of his property was subject to the statutory regulations of the New York law and the administrator has a right to follow the proceeds of these policies to the extent of the amount of insurance purchased by premiums in excess of $500 a year after the time when Mr. and Mrs. Ruggles became New York residents." (224 App. Div. 504, 505.) I do not believe that the surrender value of the policy at the time deceased and Mary B. Ruggles became residents of the State of New York has any particular bearing upon this phase of the question. The defendant Mary B. Ruggles has collected the sum of $71,692.83 from the defendant insurance company. The proportion purchased by premiums paid in New York amounts to $47,866.46. The agreed

exemption of the defendant Mary B. Ruggles is $14,000. The difference, therefore, is the sum of $33,866.46. Since there has been paid to plaintiff by the Ætna Insurance Company the sum of $5,000 to the credit of the action, the net result is that the amount due and owing from both these defendants to the plaintiff is the sum of $28,866.46. It might be well to note in passing that the Ætna Insurance Company was originally codefendant in this action, but an order of discontinuance was entered against it after the payment of the $5,000 fund. The defendant insurance company in making payment to its codefendant did so as its own risk. It had sufficient notice of the outstanding claims of the creditors. Likewise it had ample notice that the estate was insolvent. The decision which was entered after the former trial of this action contained the following conclusion of law: " No. 14. The defendant company, having paid the full amount due from said policies to the beneficiary therein named, according to the obligation of policy contracts, prior to the administration upon the estate of said Edwin D. Ruggles, and the proofs of claim against said estate, cannot now be called upon to account for said proceeds or pay over any additional sums of money on account of said policies to the plaintiff or the creditors of the said Edwin D. Ruggles, for to compel it to do any of such acts would deprive it of its property and take the same without due process of law, in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States, and section 6, article 1, of the Constitution of the State of New York." The order entered by the Appellate Division reads in part as follows: " It is hereby ordered and adjudged that the judgment so appealed from be and the same hereby is in all things reversed upon questions of fact and of law and a new trial ordered   *   *   *   and the conclusions of law therein contained be and the same hereby are reversed." It would seem quite clear, therefore, that the defendant insurance company cannot escape liability.

Since it appears from the facts stipulated that the claims presented to the administrator have not been passed upon as yet by the Surrogate's Court, the judgment to be entered hereon should contain a provision that the moneys paid to plaintiff shall be held by it as a separate fund to the end that if there be a surplus of insurance money after the payment of creditors, such excess insurance shall be repaid to the defendants without deducting therefrom any administration expenses.

The objections interposed to the consideration of facts stipulated are overruled, and the motions made by the defendants for a dismissal of the complaint are denied.  Settle decision and judgment on one day's notice.